In the Matter of ROY T. PARKER III (Admitted as ROY TILDEN PARKER III), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 30, 1991

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Muriel L. Gennosa* of counsel), for petitioner.

*Ernest J. Peace* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three

allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moves to confirm the report of the Special Referee and the respondent has submitted an affirmation in opposition thereto.

Charge One alleges that the respondent converted and misappropriated funds entrusted to him as an escrow agent for the sellers of certain real property. On or about July 8, 1983, the purchaser tendered to the respondent a check in the amount of $10,000, representing the down payment. The respondent deposited that check into his escrow account on July 27, 1983. The balance in that account fell to $9,538.77 on September 19, 1983. At the closing on September 22, 1983, the respondent disbursed checks in the aggregate sum of $7,572.50 for various closing costs. The balance of $2,427.50 in escrow funds was not disbursed until October 27, 1983.

Charge Two alleges that the respondent converted and misappropriated funds entrusted to him as an escrow agent for the sellers of another parcel of real property. On September 23, 1983, the respondent deposited into his escrow account a $20,000 down payment which he had received from the purchasers. Prior to the closing on January 31, 1984, the balance in the escrow account fell to $15,418.61.

Charge Three alleges that the respondent converted and misappropriated funds entrusted to him as the escrow agent for the sellers of certain real property. The respondent deposited the purchasers' partial down payment of $1,250 into his escrow account on July 16, 1984, some 13 days after he had received that check. The respondent deposited the remaining down payment of $1,250 into his escrow account on August 24, 1984, approximately 16 days after the purchasers had tendered that payment.

At the closing on October 19, 1984, the respondent received, as sale proceeds, two additional checks totaling $22,549.18. These funds were deposited into his escrow account as well. On December 10, 1984, the balance in the escrow account fell to $18,597.66, well below the amount he was required to be holding for his clients.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all three charges. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In considering an appropriate measure of discipline, we

have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Roy T. Parker III, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Roy T. Parker III, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney or counselor-at-law.